IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~EASTERN~~ SOUTHERN DIVISION

RECEIVED
2005 MAY 23 A 10: 26
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

| | |
|---|---|
| FRANK LETT, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 1:05CV479-A |
| RELIABLE RUSKIN, d/b/a RELIABLE PRODUCTS, | ) |
| Defendant. | ) **DEMAND FOR JURY TRIAL** |

## COMPLAINT

1. Plaintiff Frank Lett ("Lett") is an adult resident of Geneva County, Alabama who has been and remains employed by defendant Reliable Ruskin d/b/a "Reliable Products" ("RP") withing this District in Geneva, Alabama.

2. Defendant RP does business and has employed and continues to employ Lett at its manufacturing facility within this District in Geneva, Alabama.

## JURISDICTION

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1988 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Lett has satisfied all administrative conditions precedent to maintaining this action under Title VII and the ADEA, in that he timely filed a charge of race and age discrimination against

RP with the EEOC, and he files this action within ninety (90) days of his receipt from the EEOC of his notice-of-right-to-sue, a copy of which is attached hereto as Exhibit A.

## FACTS

5. Lett who is a black, African American, over the age of forty (40), has worked for RP for more then thirty (30) years. He has worked and currently works for RP as a lead man who directs the work of about twenty (20) subordinate employees.

6. RP has discriminated against Lett in his employment on the basis of his color (black), race (African-American) and his age (over 40), in that RP has repeatedly passed over and denied promotions to Lett to assistant supervisor and supervisor positions, into which RP has repeatedly and consistently promoted employees who are Caucasian and younger and less qualified than Lett.

7. RP does not post openings of assistant supervisor or supervisor positions. RP's all-Caucasian management uses subjective decision making and pick who they desire to fill those positions, which results in discrimination against black and African-American employees and employees who are forty (40) years and older, including Lett.

8. RP's promotion process constitutes a pattern and practice of promotion discrimination against black and African-American employees and against employees who are forty (40) and older and has a disparate impact on those two (2) protected classes of employees, including Lett, who, in particular and without limitation was discriminated against on the basis of his race and his age when RP denied an assistant supervisor position to Lett and instead awarded the job to a less-qualified Caucasian and younger employee, Stan Henderson, who had worked under Lett, and also when RP denied Lett a promotion to an assistant supervisor and a supervisor position

and instead awarded the positions successively to Kenny Taylor, a less qualified Caucasian who is younger than Lett.

9. RP further discriminates against black and African American employees, including Lett, by paying them less than similarly-situated Caucasian employees.

## COUNT ONE
## RACE DISCRIMINATION

10. Lett reasserts all allegations in paragraphs one through nine above.

11. RP's employment practices discriminated against Lett on the basis of his race in violation of Title VII and 42 U.S.C. § 1981.

12. RP's unlawful actions were flagrant and intentional and in conscious disregard of Lett's right to be free of racial discrimination in employment.

WHEREFORE, Lett demands judgment against RP, including:

(a) Compensatory damages in an amount to be determined by a jury,

(b) Punitive damages in an amount to be determined by a jury,

(c) An award of Lett's back pay and benefits he should and would have received absent RP's unlawful discrimination, plus interest,

(d) An award of the next opening in any position that was unlawfully denied to Lett,

(e) An award of front-pay and benefits that such a position entails until Lett is placed in the position,

(f) A declaratory judgment that RP's employment practices discriminated against Lett in violation of Title VII and 42 U.S.C. § 1981, and

(g) An injunction enjoining such unlawful discriminatory employment practices, plus an award of Lett's costs and reasonable attorney's fees and expenses.

## COUNT TWO
## AGE DISCRIMINATION

13. Lett reasserts all allegations in paragraphs one through nine above.

14. RP discriminated against Lett on the basis of his age in violation of 29 U.S.C. § 621, et seq.

WHEREFORE, Lett demands judgment against RP, including:

(a) An award of Lett's back pay and benefits he should and would have received absent RP's unlawful discrimination, plus interest,

(b) An award of the next opening in any position that was unlawfully denied to Lett,

(c) An award of front-pay and benefits that such a position entails until Lett is placed in the position,

(d) A declaratory judgment that RP's employment practices discriminated against Lett in violation of the ADEA, and

(e) An injunction enjoining such unlawful discriminatory employment practices, plus an award of Lett's costs and reasonable attorney's fees and expenses.

Respectfully submitted,

_____
Barry V. Frederick, Esq. (ASB-1979-C65B)
Attorney for Plaintiff

_____
Allison W. Lowell, Esq. (ASB-6373-A40W)
Attorney for Plaintiff

4

**OF COUNSEL:**

WIGGINS, CHILDS, PANTAZIS & QUINN, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500


**DEFENDANT'S ADDRESS**

**RELIABLE RUSKIN d/b/a**
**RELIABLE PRODUCTS**
1300 Enterprise Road
Post Office Box 580
Geneva, Alabama 36340