IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FRANK LETT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:05CV479-A |
| ) | |
| **RELIABLE RUSKIN, D/B/A** ) | |
| **RELIABLE PRODUCTS** ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Defendant, Ruskin Company, Reliable Division ("Defendant"), incorrectly referred to as Reliable Ruskin, d/b/a Reliable Products, through undersigned counsel, answers Plaintiff Frank Lett's ("Plaintiff") Complaint as follows.

1. Defendant admits Plaintiff Frank Lett is employed by Ruskin Company, Reliable Division and works at its facility located in Geneva, Alabama. Defendant further admits that Geneva, Alabama is located within the Middle District of Alabama. For lack of information sufficient to form a belief, Defendant denies the remaining allegations of Paragraph 1 of the Complaint.

2. Defendant admits Ruskin Company, Reliable Division conducts business and employs Plaintiff Frank Lett at its facility located in Geneva, Alabama. Defendant further admits that Geneva, Alabama is located within the Middle District of Alabama. Defendant denies any remaining allegations of Paragraph 2 of the Complaint.

3. Defendant admits that the United States District Court for the Middle District of Alabama has jurisdiction over Plaintiff's claims to the extent Plaintiff has pled a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. Defendant denies the remaining allegations of Paragraph 3 of the Complaint.

4. On information and belief, Defendant admits that Plaintiff filed this action within 90 days of his receipt of his EEOC Notice of Right to Sue. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff Frank Lett is African American and has worked for Ruskin Company, Reliable Division as a lead man for approximately ten (10) years. On information and belief, Defendant admits that Plaintiff is over the age of forty (40). Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies each and every allegation contained in Paragraph 6 of the Complaint.

7. Defendant admits that with respect to the hiring of Stan Henderson, Defendant did not post the job opening of the position of assistant supervisor, however, Defendant did notify all lead persons of the position and invited candidates to respond to four questions related to their qualifications and experience. Defendant denies the remaining allegation contained in Paragraph 7 of the Complaint.

8. Defendant denies each and every allegation contained in Paragraph 8 of the Complaint.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendant answers the allegations re-alleged and incorporated by reference into Paragraph 10 in accordance with its answers to the allegations of Paragraphs 1-9 of the Complaint hereinabove.

11. Defendant denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Defendant denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Defendant answers the allegations re-alleged and incorporated by reference into Paragraph 13 in accordance with its answers to the allegations of Paragraphs 1-12 of the Complaint hereinabove.

14. Defendant denies each and every allegation contained in Paragraph 14 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the paragraphs beginning with "WHEREFORE."

Each and every allegation of the Complaint which has not been specifically admitted is hereby DENIED.

Defendant alleges the following separate defenses to the allegations in the Complaint, and to each of the claims asserted therein. However, because Defendant has not had an opportunity to investigate all of the claims and allegations set forth in the Complaint, Defendant hereby reserves

the right to waive any affirmative defense asserted in this Answer, or to assert any additional affirmative defenses when the facts become known.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act are barred to the extent that they are based on employment actions occurring more than 180 days before the filing of his charge of discrimination.

### THIRD DEFENSE

Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act are barred to the extent that they are beyond the scope of his EEOC Charge of Discrimination.

### FOURTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1981 are barred to the extent they occurred outside the applicable four year federal statute of limitations.

### FIFTH DEFENSE

Each and every alleged discriminatory employment action was based on legitimate, non-discriminatory factors other than Plaintiff's race or age.

### SIXTH DEFENSE

This Defendant cannot be liable for punitive damages based upon these alleged facts.

### SEVENTH DEFENSE

Defendant denies that Plaintiff is entitled to non-economic compensatory or punitive damages under Title VII of the Civil Rights Act of 1964, as amended, to the extent that they exceed the applicable limitations of 42 U.S.C.§ 1981a.

### EIGHT DEFENSE

Plaintiff is not entitled to the remedies of compensatory or punitive damages under the Age Discrimination in Employment Act.

### NINTH DEFENSE

In the abundance of caution and to the extent applicable to the facts of this case, Defendant denies that Plaintiff is entitled to relief to the extent that he failed to reasonably mitigate his losses or injuries.

### TENTH DEFENSE

Defendant denies the nature and extent of Plaintiff's damages.

WHEREFORE, Defendant respectfully requests that, after due proceedings, the Court enter judgment in its favor dismissing all of Plaintiff's claims with prejudice and awarding Defendant costs of this proceeding.

    /s/   Elizabeth P. Odom
One of the Counsel for Defendant

Jonathan S. Harbuck (Ala. Bar No. ASB-0906-U70J)
Elizabeth P. Odom (Ala. Bar No. ASB-8215-L64O)
THE KULLMAN FIRM
A Professional Law Corporation
600 University Park Place, Suite 340
Birmingham, Alabama  35209-6786
(205) 871-5858 (t)
(205) 871-5874 (f)

**CERTIFICATE OF SERVICE**

_____I hereby certify that on June 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Barry V. Frederick, Esq.
>Allison W. Lowell, Esq.
>WIGGINS, CHILDS, PANTAZIS & QUINN LLC
>The Kress Building
>301 19th Street North
>Birmingham, AL 35203

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>None

>Respectfully submitted,
>
>/s/ Elizabeth P. Odom
>Elizabeth P. Odom
>THE KULLMAN FIRM
>A Professional Law Corporation
>600 University Park Place, Suite 340
>Birmingham, Alabama 35209
>Phone: (205) 871-5858
>Fax: (205) 871-5874