IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANK LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:05CV479-A |
| | ) | |
| RELIABLE RUSKIN, D/B/A | ) | |
| RELIABLE PRODUCTS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OR, IN THE
ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Defendant, Ruskin Company, Reliable Division ("Defendant"), incorrectly referred to as Reliable Ruskin, d/b/a Reliable Products, through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b) and moves the Court to dismiss certain claims filed by Plaintiff Frank Lett ("Plaintiff") for failure to state a claim upon which relief can be granted. In the alternative, Defendant moves this Court, pursuant to Federal Rule of Civil Procedure 56, to grant summary judgment in its favor as to these claims. In support thereof Defendant avers:

1. Plaintiff has failed to state a claim under either Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. ("Title VII") or the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") relating to the promotion of Kenny Taylor, as alleged in Paragraph 8 of his Complaint. Specifically, Plaintiff failed to raise this promotion decision in his EEOC charge. See Exhibit "A," Plaintiff's EEOC Charge of Discrimination. Because this particular promotion claim was not raised in his EEOC charge, Plaintiff cannot now raise it in this Complaint. Green v.

Elixer Industries, 407 F.3d 1163, 1167 (11th Cir. 2005) (holding "plaintiff's complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination"); Gregory v. Ga. Dept. of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004) (finding Plaintiff's complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination). In any event, the promotion decision occurred in January of 2000, almost five years before Plaintiff filed his EEOC charge. Sanders v. City of Montgomery, 319 F.Supp.2d 1296 (M.D. Ala. 2004) (granting summary judgment and holding Title VII claim time barred since the employee failed to file his EEOC charge within 180 days of the date of the denial of promotion); Portera v. Alabama Dept. of Finance, 322 F. Supp.2d 1285 (M.D. Ala. 2004). See also Exhibit "B," Employee Profile for Kenny Taylor. Thus, Plaintiff's EEOC charge is untimely as to acts which occurred in 2000. As such, any claim brought by Plaintiff under Title VII or the ADEA relating to the promotion of Kenny Taylor must be dismissed.

  2. Second, Plaintiff has failed to state a claim under 42 U.S.C. §1981 relating to the promotion of Kenny Taylor, as alleged in Paragraph 8 of his Complaint. As explained above, the decision to promote Kenny Taylor occurred in January 2000. See Exhibit "B". Plaintiff's Complaint was filed May 23, 2005. Any claim Plaintiff may have had under §1981 with respect to Kenny Taylor's promotion is time barred under the federal statute of limitations. Jones v. R.R. Donnelley & Sons, Co., 541 U.S. 369, 124 S.Ct 1836 (2004) (holding that the federal four year statute of limitations applies to § 1981 claims). As such, any claim brought by Plaintiff under § 1981 relating to the promotion of Kenny Taylor must be dismissed.

3. Third, Plaintiff has failed to state a claim under either Title VII or the ADEA relating to any pattern or practice of race or age discrimination or disparate impact, as alleged in Paragraph 8 of the Complaint. Plaintiff failed to allege any facts in his EEOC Charge of Discrimination that give notice to that Agency to investigate a pattern or practice claim or disparate impact claim. Green, 407 F.3d at 1167; Gregory, 355 F.3d at 1280. See also Exhibit "A." Plaintiff's Charge of Discrimination was very specific and only discussed one incident of failure to promote. Consequently, any claim of pattern or practice or disparate impact under Title VII or the ADEA must be dismissed.

4. Finally, Plaintiff has failed to state a claim under Title VII relating to any pay differential between African American employees and other similarly situated employees, as alleged in Paragraph 9 of the Complaint. Plaintiff failed to allege any facts in his EEOC Charge of Discrimination that would raise a claim that African American employees are paid less than similarly situated Caucasian employees. Green, 407 F.3d at 1167; Gregory, 355 F.3d at 1280. See also Exhibit "A." Therefore, any claim relating to pay differentials between African American and Caucasian employees under Title VII must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant Ruskin Company, Reliable Division requests that this Court grant its Motion to Dismiss, or, in the alternative, grant summary judgment in its favor on Plaintiff's claims relating to the promotion of Kenny Taylor and any pattern or practice of discrimination, disparate impact, or pay differential allegations under Title VII or the ADEA.

    /s/ Elizabeth P. Odom
One of the Counsel for Defendant

Jonathan S. Harbuck (Ala. Bar No. ASB-0906-U70J)
Elizabeth P. Odom (Ala. Bar No. ASB-8215-L64O)
THE KULLMAN FIRM
A Professional Law Corporation
600 University Park Place, Suite 340
Birmingham, Alabama  35209-6786
(205) 871-5858 (t)
(205) 871-5874 (f)

## CERTIFICATE OF SERVICE

      I hereby certify that on June 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Barry V. Frederick, Esq.
> Allison W. Lowell, Esq.
> WIGGINS, CHILDS, PANTAZIS & QUINN LLC
> The Kress Building
> 301 19th Street North
> Birmingham, AL 35203

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None

Respectfully submitted,

/s/ Elizabeth P. Odom
Elizabeth P. Odom
THE KULLMAN FIRM
A Professional Law Corporation
600 University Park Place, Suite 340
Birmingham, Alabama 35209
Phone: (205) 871-5858
Fax: (205) 871-5874