IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRANK LETT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RELIABLE RUSKIN, d/b/a )<br>RELIABLE PRODUCTS, )<br>)<br>Defendant. ) | CIVIL ACTION NO.1:05-CV-479-A |

### PLAINTIFF'S SHOW CAUSE RESPONSE

Plaintiff, respectfully submits this response to this Honorable Court's Order to show cause and the Defendant's Motion for Partial Dismissal or, in the alternative, Motion for Partial Summary Judgment for the following reasons:

1. In part, Defendant's Motion is Well-taken; in part, it is not. Plaintiff concedes that **based on his recollection** of when Kenny Taylor was promoted in 2000, Plaintiff's claims over that promotion are untimely under Title VII (because Plaintiff did not file his EEOC charge within 180 days of Taylor's promotion) and under 42 U.S.C. § 1981 (because of the applicable four-year statute of limitations).

2. Plaintiff further concedes that his claim over racially discriminatory pay under Title VII is not "like or related" to the promotion claim asserted in his EEOC charge. Thus, that Title VII claim is subject to dismissal, but the race pay claim remains under § 1981, which does not share Title VII administrative requisites.

3. Otherwise, Defendant's Motion – effectively seeking to strike allegations of "disparate

impact" and "pattern and practice" discrimination -- is due to be denied, for several reasons. First, both phrases describe the nature of the discrimination of which Plaintiff complains. Both describe types of proof of Plaintiff's discrimination claims; they are not causes of actions themselves – his causes of action are for race and age discrimination, and his complaint certainly states claims for both upon which relief can be granted if the evidence establishes disparate impact, Defendant's pattern and practice of discrimination or other proof of discrimination against this plaintiff. Defendant has not cited any authority to justify striking such evidentiary allegations of the nature and extent of the discrimination at issue. Such an extraordinary action of this Rule 12(b)(6) stage would be quite novel.

Second, as to Title VII and the ADEA, while the Plaintiff did not specifically word his allegations of "disparate impact" or a "pattern and practice" of race and age discrimination in his EEOC charge, it can be reasonably inferred and should have been investigated by the EEOC pursuant to the allegations made in Plaintiff's EEOC charge. *See* Sanchez v. Standard Brands, Inc. 431 F.2d 455 at 465 (5th Cir. Texas 1970 (former 11th Cir.)("specific words of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow.") The court in Sanchez further reasoned that "a complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the commission.' In other words, the scope of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Internal citations omitted.*) Id at 466. *See also* Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968)(where the EEOC charge did not allege any class action allegations and only one class member had filed a charge of discrimination with the EEOC, the court held that there was no requirement that each class member exhaust his own administrative remedies before being

allowed to participate in the class because the EEOC investigation would have covered the class allegations.); Eastland v. Tennessee Valley Authority, 553 F.2d 364 (5th Cir. Ala. 1977). Here, the claims of Defendant's pattern and practice of denying African-American and older employees is expected to grow out of the EEOC investigation because the Plaintiff alleged that he had been adversely affected by the Defendant's employment practices and had been an employee of the Defendant for over thirty years. See Exhibit A hereto. Plaintiff's letters to the EEOC complaining that he had been passed over for promotions twice. As every attorney knows who practices in the field of employment discrimination law and who has dealt with the EEOC, the agency almost invariably inquires about other promotions (or other discharges, as the case may be), not just the one alleged in the EEOC charge.

Further, the defendant has filed a 12(b) motion to dismiss, it is well settled case law that when such a motion is filed that the court is to shed the most positive light on the plaintiff's position, and only grant the defendant's 12(b) motion if there are no possible set of facts that would entitle him to relief. Moss v. W&A Cleaners, 111 F.Supp2d.1181, 1182 (M.D. Ala. 2000). In the case at bar, this Court must assume that the Commission's investigation based on the Plaintiff's charge would have necessarily involved an investigation of Defendant's discriminatory promotion practices, which then would potentially show disparate impact and a pattern and practice of discriminatory treatment.

Respectfully submitted,

/s/Barry V. Frederick
Barry V. Frederick
Allison W. Lowell
Attorneys for Plaintiff

**OF COUNSEL:**

WIGGINS, CHILDS, PANTAZIS & QUINN, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**CERTIFICATE OF SERVICE**

    I do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan S. Harbuck, Esq.
Elizabeth P. Odom, Esq.
THE KULLMAN FIRM
A Professional Law Corporation
600 University Park Place, Suite 340
Birmingham, Alabama 35209-5786

    Dated the 20th day of July, 2005.

                                            /S/Barry V. Frederick
                                            OF COUNSEL

# EXHIBIT A

Frank D. Lett
310 North Merritt Street
Geneva, Alabama 36340
February 21, 2005

Mr. J. W. Furman,
Investigator
U. S. EEOC
2000 Ridge Park Place
1130 South 22nd Street
Birmingham, Alabama 35205

Re: EEOC Charge No 130-2005-00532
    Frank D. Lett  V  Reliable Products

Dear Mr. Furman:

Mr. Henderson has had a break in service for a little over a year. When he returned, the company gave him his time back. He has been a lead person about four years less than I have.

I am not aware of any four questions being asked dealing with the job. When Mr. Taylor and I were talking, we were just talking. It was not an interview. Our conversation was in general. It was nothing specific. There was nothing written down. He didn't take any notes or anything.

This is the second time I was passed over for a supervisor's position, about two years ago when Mr. Taylor was given the position as supervisor, I was passed over. At that time I asked Roger Peak what did a man have to do to become a supervisor? When Mr. Taylor became a supervisor, he only had four or five people working under him and I had from seventeen to twenty working under me.

Mr. Henderson had only four or five people working under him when he became a supervisor. I have twenty-eight people working under me at this time.

I Pray that this evidence will be considered.

Sincerely,
Frank D. Lett
Frank D. Lett

Frank D. Lett
310 North Merritt Street
Geneva, Alabama 36340
January 15, 2005

J. W. Furman
Investigator
U. S. Equal Employment Opportunity Commission
2000 Ridge Park Place
1130 South 22nd Street
Birmingham, Alabama 35205

RE: EEOC Charge 130200500532
     Frank D. Lett v Reliable Products
     Letter dated December 27, 2005

Dear Mr. Furman:

The supervisory position was not posted in writing. It was by word of mouth, but the supervisor, Kenneth Taylor, talked to me about the job. We talked for thirty minutes in his office about the job. Kenneth Taylor talked to Harmon Sellers, a white male who has been on the job a little longer than I have. Taylor stated that Sellers did not want the job. Therefore Taylor talked to me about the job.

The next thing I knew, Stan Henderson, a white male who has been on the job for about 15 years and I have been on the job for 31 years, was being trained for the job. After a while, Taylor came to me and stated that he wanted me to be the first to know that Henderson had gotten the job. After telling me that Henderson had the job, Taylor and I talked about his decision to give the job to Henderson.

I stated it was you alls decision. At that point, I told him that I didn't like the way they went about giving Henderson the job because I had been passed over for the second time. I told him that it was no use to talk to neither him anymore nor anyone else there because they had their minds made up.

After much thought, I wrote EEOC about the situation.

Sincerely,

*Frank Lett*
Frank Lett