IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANK LETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:05CV479-A |
| ) | |
| RELIABLE RUSKIN, D/B/A ) | |
| RELIABLE PRODUCTS ) | |
| ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S SHOW CAUSE RESPONSE
REGARDING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OR, IN THE
ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Defendant, Ruskin Company, Reliable Division ("Defendant"), incorrectly referred to as Reliable Ruskin, d/b/a Reliable Products, through undersigned counsel, and briefly responds to Plaintiff's Show Cause Response. For the reasons set forth below, this Court should grant Defendant's motion in its entirety.

Plaintiff has failed to state a claim under either Title VII or the ADEA relating to any pattern or practice of race or age discrimination or disparate impact. It is clear such a claim exceeds the scope of his EEOC charge and must be dismissed.[1]

Before bringing a claim in federal court, a party alleging race or age discrimination must first file a charge of discrimination with the EEOC setting forth all of his discrimination claims. See 42 U.S.C. §2000e-5. This requirement serves the dual purposes of affording the EEOC and the

---

[1] It should be noted that Defendant's motion to dismiss Plaintiff's and pattern or practice/disparate impact claims is related to only those claims brought under Title VII and the ADEA, not any claims Plaintiff may have under 42 U.S.C. § 1981.

employer an opportunity to settle the dispute and giving the employer some warning as to the conduct about which the employee is aggrieved. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir.1970). Thus, the issues plaintiff may raise in a Title VII or ADEA action are limited to those within the scope of the EEOC investigation which grows or could reasonably be expected to grow out of the charge of discrimination. Anyaibe v. Gilbert Security Serv., Inc., 1995 WL 322452 (D.D.C., May 18, 1995).

In this case, Plaintiff's disparate impact and/or pattern or practice claim clearly exceeds the scope of his EEOC charge. Plaintiff's EEOC charge did not include a single claim of pattern or practice or disparate impact discrimination. Rather, Plaintiff's EEOC charge only alleges one discrete act of discrimination against himself. See Exhibit "A," Plaintiff's Charge of Discrimination. See Gilliard v. New York Public Library System, 597 F.Supp 1069, 1079 (S.D.N.Y. 1984) (dismissing plaintiff's pattern or practice claim where allegations fell outside the scope of EEOC charge; plaintiff only alleged discrimination against himself). Further, even though the Eleventh Circuit has held that a claim of disparate impact is made when the plaintiff is challenging a facially neutral policy, that when applied, results in a disparate impact on a particular group, EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263 (11th Cir.2000), Plaintiff's charge did not mention or refer to any facially neutral policy. See Murray v. John D. Archbold Mem. Hosp, Inc., 50 F.Supp.2d 1368, 1381 (M.D.Ga.1999) (although plaintiffs correctly assert that they "need not use any particular terms to describe [their] claim of discrimination or to identify the legal theory underlying [their claim]" the "like or related" doctrine "does require an aggrieved party to allege facts that fairly notify

the defendant of the nature of the claim of discrimination"). As explained by the court in <u>Anyaibe v. Gilbert Sec. Serv., Inc.</u>, 1995 WL 322452 at *5 (D.D.C., May 18, 1995):

> [T]he plaintiff's pattern and practice claim could not reasonably be expected to arise out of the allegations in the EEOC charge or affidavit. Everything in the plaintiff's administrative charge related to personal discrimination against him; nothing addressed any [discrimination] aimed at other Gilbert employees. Since a pattern or practice claim, by definition, would involve more than one employee's allegations of discrimination, the EEOC investigation would not have focused on a pattern or practice without some indication that such discrimination was at issue.

<u>Anyaibe</u>, 1995 WL 322452 at *5. <u>See</u> <u>also</u> <u>Kasali v. J. P. Morgan/Chase Manhattan Mort. Corp.</u>, 2004 WL 2252118 (E.D. Pa., Sept. 28, 2004) (stating "to the extent ... plaintiff seeks to raise claims of any pattern or practice of [discrimination] above and beyond the discrete failure-to-promote and retaliation claims discussed above, the Court finds that these additional claims are not within the scope of her prior EEOC charges, or a reasonable investigation arising therefrom.").

While Plaintiff may argue he can bring a claim of disparate impact against Defendant because he *assumes* the EEOC's investigation covered possible disparate impact claims, courts within the Eleventh Circuit have held "[i]t is not reasonable to expect the EEOC to investigate any neutral employment policy when all that is raised is intentional discrimination." <u>Butler v. Matsushita Communication Industrial Corp. of U.S.</u>, 203 F.R.D. 575, 582 (N.D.Ga. 2001). <u>See also</u> <u>Gilliard</u>, 597 F.Supp at 1079; <u>Anyaibe</u>, 1995 WL 322452 at *5. In <u>Grace v. Bank of America</u>, 2003 WL 23095993 at *3 (N.D.Tex., Dec 23, 2003), the court found plaintiff's disparate impact claim fell outside the scope of Plaintiff's EEOC's investigation:

> The court considers first [plaintiff's] claim of disparate impact. In her charge, [plaintiff] asserted that [defendant] discriminated against her by suspending her and terminating her employment. ... The court therefore concludes that her disparate

3

impact claim exceeds the scope of her EEOC charge, which says nothing about disparate impact. The court reached a similar conclusion in Mack v. Nestle Foods Corp., No. CA3-88-0373-D (N.D.Tex. Mar. 21, 1989) (Fitzwater, J.):

> [A] claim for disparate impact is not "like or related to" the plaintiff's EEOC charge nor could it reasonably be expected to grow out of the underlying charge of discrimination. The underlying charge and investigation focused on [plaintiff's] allegation of discrimination based on his age. His new-found claims of disparate impact upon all persons between 40 and 70 years of age are completely outside the scope of his EEOC charge and of reasonable investigation. Any investigation whether [plaintiff's] demotion was a result of disparate treatment would not have encompassed this subsequent claim of adverse impact. Because plaintiff's EEOC allegation and investigation relate only to his discharge, his new claims of adverse impact are outside the scope of a reasonable EEOC investigation and must be dismissed.

Grace, 2003 WL 23095993 at *3.

In addition, Plaintiff appears to rely on letters he submitted to the EEOC to prove his claim encompassed a disparate impact and/or pattern or practice claim. See Exhibit "A" to Plaintiff's Show Cause Response. However, the fact that Plaintiff may have submitted additional allegations to the EEOC is irrelevant. First, as explained above, these letters only refer to discrimination alleged to be suffered by the Plaintiff, *not by other employees*. Gilliard, 597 F.Supp at 1079 (S.D.N.Y. 1984). Second, there is no mention of any facially neutral employment policy sufficient to allege a claim of disparate impact. Thus, assuming the Defendant knew about these allegations during the investigation, these letters would not have put Defendant on notice of any disparate impact claim because they do not describe, discuss or refer to any alleged policy or practice which caused disparate impact on African-Americans or employees over 40. Carpenter v. Gulf States Mfrs., Inc., 764 F. Supp. 427, 436 (N.D. Miss. 1991) (summary judgment appropriate on pattern and practice claim in Title VII suit when claim not raised in EEOC charge and any EEOC investigation would

4

have focused on individual's particular complaint, not on general pattern and practice of discrimination).

Because Plaintiff's EEOC charge dealt only with a discrete claim of failure to promote against himself and not a facially neutral employment policy or discrimination against other employees, Plaintiff's claim of disparate impact and/or pattern or practice is not reasonably related to the charge. Therefore, the claim exceeds the scope of the EEOC charge and must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant Ruskin Company, Reliable Division requests that this Court grant its Motion to Dismiss in its entirety, or, in the alternative, grant summary judgment in its favor.

/s/ Elizabeth P. Odom
One of the Counsel for Defendant

Jonathan S. Harbuck (Ala. Bar No. ASB-0906-U70J)
Elizabeth P. Odom (Ala. Bar No. ASB-8215-L64O)
THE KULLMAN FIRM
A Professional Law Corporation
600 University Park Place, Suite 340
Birmingham, Alabama 35209-6786
(205) 871-5858 (t)
(205) 871-5874 (f)

## CERTIFICATE OF SERVICE

_____I hereby certify that on July 26, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Barry V. Frederick, Esq.
>Allison W. Lowell, Esq.
>WIGGINS, CHILDS, PANTAZIS & QUINN LLC
>The Kress Building
>301 19th Street North
>Birmingham, AL 35203


And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>None


>Respectfully submitted,

>/s/ Elizabeth P. Odom
>Elizabeth P. Odom
>THE KULLMAN FIRM
>A Professional Law Corporation
>600 University Park Place, Suite 340
>Birmingham, Alabama 35209
>Phone: (205) 871-5858
>Fax: (205) 871-5874