IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANK LETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv479-A |
| | ) | |
| RELIABLE RUSKIN, D/B/A, | ) | (WO) |
| RELIABLE PRODUCTS | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on Defendant's Motion for Partial Dismissal or, in the alternative, Motion for Partial Summary Judgment (Doc. #5) filed on June 13, 2005.[1] The Plaintiff, Frank Lett, originally filed a Complaint in this case on May 23, 2005, bringing claims for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and 42 U.S.C. § 1981 (Count I) and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") (Count II).

Ruskin denies discriminating against Lett on the basis of race or age and moves this court to dismiss certain claims filed by Lett for failure to state a claim upon which relief can be granted. In the alternative, Ruskin moves this court to grant summary judgment in its favor as to

---

[1] Defendant notes in its motion that Lett has incorrectly referred to it as Reliable Ruskin, d/b/a Reliable Products, instead of its correct name, Ruskin Company, Reliable Division. Lett has not contested this assertion, but for simplicity, the court will refer to the movant as "Ruskin."

these claims. In support thereof, Ruskin cites to attached exhibits in both its original motion[2] and its reply brief. Lett also attaches exhibits to his response brief.[3]

For reasons to be discussed, Ruskin's Motion for Partial Dismissal or, in the alternative, Partial Summary Judgment is due to be Granted.

## II. MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. Hishon, 467 U.S. at 73. Furthermore, the threshold is "exceedingly low" for a complaint to

---

[2] Though Ruskin neglected to attach Exhibits A and B of the Motion for Partial Dismissal or, in the alternative, Motion for Partial Summary Judgment, this court granted Ruskin's Motion to Supplement Defendant's Motion for Partial Dismissal or, in the alternative, Motion for Partial Summary Judgment. See July 28, 2005 Order (Doc. # 14).

[3] Ordinarily, exhibits would not be part of the record under review for a dismissal under Federal Rule of Civil Procedure 12(b)(6) unless they were attached to the Complaint. See Harris v. Ivax Corp., 182 F.3d 799, 802 (11th Cir. 1999) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990)). But a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute. See, e.g., Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Because the relevant documents attached to the parties' briefs are undisputed and their subject matter is otherwise directly referenced in the Complaint, this court may properly rule on the partial motion to dismiss. See Harris, 182 F.3d at 802 n. 2; Brooks, 116 F.3d at 1369.

survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).

### III. FACTS

The allegations of Lett's Complaint are as follows:

Lett is a black, African American over the age of forty who has worked for Ruskin for more than thirty years. Lett worked and currently works for Ruskin as a lead man who directs the work of approximately twenty subordinate employees. Ruskin does not post openings of assistant supervisor or supervisor positions. Instead, Ruskin's management, all of whom are Caucasian, uses subjective decision making.

Ruskin repeatedly passed over Lett and denied him promotions to assistant supervisor and supervisor positions. Ruskin repeatedly promoted employees who are Caucasian, younger, and less qualified than Lett. In particular, Ruskin denied an assistant supervisor position to Lett and instead awarded the job to a Caucasian, younger, and less qualified employee, Stan Henderson, who worked under Lett. Additionally, Ruskin denied Lett a promotion to an assistant supervisor and a supervisor position when it awarded the positions successively to a Caucasian, younger, and less qualified employee, Kenny Taylor. Ruskin pays black and African American employees less than similarly-situated Caucasian employees.

### IV. DISCUSSION

Ruskin moves this court to dismiss certain claims filed by Lett for failure to state a claim upon which relief can be granted, or, in the alternative, to grant summary judgment in its favor as to certain claims.

Ruskin argues Lett fails to state a claim under Title VII, the ADEA, and 42 U.S.C. § 1981 relating to the promotion of Kenny Taylor because Lett failed to raise this promotion decision in his Equal Employment Opportunity Commission ("EEOC") charge. Def. Mot. for Partial Dismissal or, in the alternative, Partial Summ. J., ¶¶ 1-2. Lett concedes that based on his recollection of when Kenny Taylor was promoted in 2000, Lett's claims regarding that promotion are untimely under Title VII because Lett did not file his EEOC charge within 180 days of Taylor's promotion and untimely under 42 U.S.C. § 1981 because they were filed after the applicable four-year statute of limitations. Pl. Resp. Br., ¶ 1; see also Def. Mot. for Partial Dismissal or, in the alternative, Partial Summ. J., Exh. B: Kenneth Taylor Employee Profile (indicating Taylor's January 16, 2000 hire date). As a result, Ruskin's motion to dismiss any claims brought under Title VII or § 1981 relating to the promotion of Kenny Taylor is due to be Granted.

Lett does not explicitly concede (though he does not contest) that his failure to timely raise Taylor's promotion decision in his EEOC charge would similarly bar his ADEA claim relating to Taylor's promotion. It is well established that the timely filing of an EEOC charge is a prerequisite to a civil action based upon either Title VII *or the ADEA*, and a plaintiff who fails to file a timely charge of discrimination is precluded from bringing a civil action because of a failure to exhaust his or her administrative remedies. See Lorance v. AT & T Techs., Inc., 490 U.S. 900, 903 n. 2 (1989) (Title VII); McBrayer v. City of Marietta, 967 F.2d 546, 547 (11th Cir. 1992) (ADEA); Calhoun v. Fed. Nat'l Mortgage Ass'n, 823 F.2d 451, 455 (11th Cir. 1987) (ADEA). This court finds that Lett's conceded failure to timely raise Taylor's promotion decision in his EEOC charge also bars his ADEA claim relating to that promotion. As a result,

4

Ruskin's motion to dismiss any claims brought under the ADEA relating to the promotion of Kenny Taylor is due to be Granted.

Ruskin also argues that Lett fails to state a claim under Title VII relating to any pay differential between African American employees and other similarly situated employees, as alleged in Paragraph 9 of Lett's Complaint. Def. Mot. for Partial Dismissal or, in the alternative, Partial Summ. J., ¶ 4. Lett concedes that his claim over racially discriminatory pay under Title VII is not "like or related" to the promotion claim asserted in his EEOC charge. Pl. Resp. Br., ¶ 2 (referencing language found in Sanchez v. Standard Brands, Inc., 431 F.2d 455, 465 (5th Cir. 1970)). As a result, this court finds Ruskin's motion to dismiss any claim relating to pay differentials between African American and Caucasian employees under Title VII is due to be Granted.

Additionally, Ruskin argues that Lett fails to state a claim under either Title VII or the ADEA relating to any pattern or practice of race or age discrimination or disparate impact. Def. Mot. for Partial Dismissal or, in the alternative, Partial Summ. J., ¶ 3. Lett responds by arguing that the phrases "disparate impact" and "pattern and practice" describe the nature of the discrimination but are not causes of action themselves. Additionally, Lett argues that while he did not specifically word his allegations of "disparate impact" or a "pattern and practice" of race and age discrimination in his EEOC charge, it reasonably can be inferred and should have been investigated by the EEOC pursuant to the allegations made in Lett's EEOC charge. Pl. Resp. Br., ¶ 3 (citing Sanchez, 431 F.2d at 465). Lett's EEOC charge particulars read in full:

> I have more than thirty years of service with the employer named above. I currently am employed in the position as a lead man. On October 4, 2004, I was not promoted to a supervisory position that had been open for approximately six

5

> months. The position was awarded to a lesser qualified White employee who is a member of the unprotected age group.
>
> I believe that I was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended because of my race, black. I also believe that I was discriminated against in violation of the Age Discrimination in Employment Act of 1967, as amended because of my age, 50 (D.O.B. 062154).

See Def. Reply Br., Exh. A.

The court finds that Lett's disparate impact and pattern or practice claims exceed the scope of his EEOC charge. A claim of disparate impact is made when the plaintiff is challenging the employer's facially neutral policy, that, when applied, results in a disparate impact on a particular group. See Butler v. Matsushita Commc'n Ind. Corp. of U.S., 203 F.R.D. 575, 582 (N.D. Ga. 2001) (citing EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263 (11th Cir. 2000)). Lett's EEOC charge did not mention the words "disparate impact," nor did it refer to any facially neutral policy. Lett's EEOC charge only alleges one intentional discrimination by Ruskin against Lett. This court finds "[i]t is not reasonable to expect the EEOC to investigate any neutral employment policy when all that is raised is intentional discrimination." See id. (citing Murray v. John D. Archbold Mem. Hosp., Inc., 50 F. Supp. 2d 1368, 1381 (M.D. Ga. 1999) (finding that although plaintiffs correctly assert that they "need not use any particular terms to describe [their] claim of discrimination or to identify the legal theory underlying [their claim]" the "like or related" doctrine "does require an aggrieved party to allege facts that fairly notify the defendant of the nature of the claim of discrimination.")). Similarly, a pattern and practice claim could not reasonably be expected to arise out of the allegations in the EEOC charge since Lett only alleges Ruskin discriminated against him. "[A] pattern or practice claim, by definition, would involve more than one employee's allegations of discrimination." See Anyaibe v. Gilbert

6

Sec. Serv., Inc., Civ. A. No. 94-2377, 1995 WL 322452, at *5 (D.D.C. May 18, 1995) (reasoning that "the plaintiff's pattern and practice claim could not reasonably be expected to arise out of the allegations in the EEOC charge or affidavit. Everything in the plaintiff's administrative charge related to personal discrimination against him . . . .").

In support of his argument that his claims encompassed a disparate impact and pattern or practice claim Lett attaches to his response brief two letters that he purportedly sent to the EEOC on January 15, 2005 and February 21, 2005. Pl. Resp. Br., Exh. A. Since these letters only address Lett's claim of personal discrimination, Lett's exhibits fail to persuade this court that his disparate impact and pattern and practice allegations were within the scope of his EEOC charge. See also Kasali v. J.P. Morgan/Chase Manhattan Mort. Corp., No. Civ.A.04-500, 2004 WL 2252118, at *1 (E.D. Pa. Sept. 28, 2004) (stating "to the extent . . . plaintiff seeks to raise claims of any pattern or practice of [discrimination] above and beyond the discrete failure-to-promote and retaliation claims discussed above, the Court finds that these additional claims are not within the scope of her prior EEOC charges, or a reasonable investigation arising therefrom."); Grace v. Bank of Am., No. Civ.A. 303CV1294D, 2003 WL 23095993, at *3 (N.D. Tex. Dec. 23, 2003) (finding plaintiff's disparate impact claim fell outside the scope of the EEOC investigation).

Lett's EEOC charge dealt only with a claim of Ruskin's failure to promote him and not a facially neutral employment policy or discrimination against other employees. As a result, Lett's claims of disparate impact and pattern or practice are not reasonably related to the EEOC charge and these claims are due to be dismissed.

## V. CONCLUSION

For the reasons discussed above, it is hereby ORDERED that:

1.  Ruskin's motion to dismiss any claims brought under Title VII, § 1981, or the ADEA relating to the promotion of Kenny Taylor is GRANTED and any claims brought under Title VII, § 1981, or the ADEA relating to the promotion of Kenny Taylor are DISMISSED.

2.  Ruskin's motion to dismiss any claim relating to pay differentials between African American and Caucasian employees under Title VII is GRANTED and any claim relating to pay differentials between African American and Caucasian employees under Title VII is DISMISSED.

3.  Ruskin's motion to dismiss claims of disparate impact and pattern or practice under Title VII and the ADEA is GRANTED and any claims of disparate impact or pattern or practice are DISMISSED.[4]

Done this 29th day of August, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] It is not the court's intention to rule on the admissibility of evidence of other specific acts of discrimination at this time. Such evidentiary issues may be addressed later in the proceedings.