IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANK LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:05CV479-A |
| | ) | |
| RELIABLE RUSKIN, D/B/A | ) | |
| RELIABLE PRODUCTS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION OF GEORGE HELMS

I, George Helms, am over twenty-one years of age, suffer no incapacity that would impair my ability to give competent testimony, and have personal knowledge of the facts stated in this Declaration, which is provided for the above-styled litigation.

1. I am employed by Ruskin Company, Reliable Division ("Reliable") in Geneva, Alabama. I am the Director of Human Resources at Reliable's facility in Geneva, Alabama. As Director of Human Resources, part of my job is to oversee the calculation and record keeping of compensation for employees at the facility.

2. I am knowledgeable of how an employee's rate of pay is calculated and one of my job duties is to calculate periodic increases in employees' pay.

3. Employees are eligible for annual merit increases, effective on their anniversary. In addition, whenever pay grade increases have gone into effect, my practice is to calculate those increases and enter them onto pay records and salary adjustment forms, which are placed in each employee's personnel file.

4.  Employees are subject to maximum caps on their pay grade. Thus in some cases, when a percentage pay increase would otherwise exceed the maximum, an employee will be increased only to that maximum, which is the "top pay" for their position.

5.  During Mr. Lett's deposition on March 28, 2006, which I attended, Mr. Lett produced a copy of employee Steve Paulk's salary adjustment form which showed that beginning February 2004, Mr. Paulk's rate of pay was $14.73 per hour - twelve cents (12¢) more than Mr. Lett was making at that same time.

6.  After Mr. Lett's deposition I investigated the pay history of both Mr. Paulk and Mr. Lett and discovered that a mistake had been made - over a period of twenty months, Mr. Paulk had received twelve cents (12¢) more per hour than he should have been receiving.

7.  In February 2004, when I calculated Mr. Paulk's annual pay increase at his anniversary, I inadvertently failed to recheck Mr. Paulk's percentage increase against top pay for his grade. Had I done so I would have caught the error and capped his increase at the top pay level. This oversight was mine alone, but was unintentional.

8.  As a result, Mr. Paulk was paid twelve cents (12¢) more an hour than he should have been paid, and twelve cents (12¢) more an hour than Mr. Lett was paid. At all times, Mr. Lett's pay rate was exactly what it should have been.

9.  In August 2004, a pay freeze went into effect and no employee received any pay increase between August 2004 and August 2005. As such, in November 2004 and February 2005, neither Mr. Lett nor Mr. Paulk received a pay increase at their anniversary and, thus the disparity continued.

10. The above-described pay disparity corrected itself in November 2005 when Mr. Lett was awarded an annual merit increase at his anniversary. At that time, Mr. Lett's rate of pay increased to $15.11, higher than Mr. Paulk. As such, the pay disparity no longer exists and has not existed since November 2005.

11. I was not aware of the above-described pay disparity prior to Mr. Lett's deposition.

12. The reason for Mr. Paulk being paid more than he should have been paid over a period of twenty months was the result of an oversight on my part and was not the result of any discriminatory animus.

I declare under penalty of perjury that the foregoing Declaration is true and correct to the best of my knowledge.

Executed on April 25, 2006.

George Helms
Director of Human Resources
Ruskin Company, Reliable Division

3