1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRANK LETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 1:05-CV-479-A |
| ) | |
| RELIABLE RUSKIN, d/b/a ) | |
| RELIABLE PRODUCTS, ) | |
| ) | |
| Defendant. ) | |

### Declaration of Frank D. Lett

My name is Frank D. Lett and I reside at 310 North Merritt Street, Geneva, Alabama 36340. I am a citizen of the United States and a resident of the State of Alabama. I am over the age of nineteen (19) and make this Declaration based on facts personally known to me. The following is true and correct to the best of my knowledge.

1. I was hired by Reliable in 1973 as an Assembler in Department 4.

2. Jack Wallace operated the Perforation Area until he separated from Reliable in the early 1980s, prior to his departure from Relaible he was acting as a lead-man. Upon his departure from the company I took over his role and served in the lead-person position, however I was never classified as a lead person, nor was I paid in accordance with the lead-person role until my promotion to lead-man in 1994.

3. I worked with Kenny Taylor in Department 4 after he was hired in 1989.

4. I worked as a Saw Operator in Department 4 from 1989 until 1993.

5. I was transferred to the position of Tack Welder in Department 4 in 1993.

1

6. I was promoted to lead-man over Department 2 in 1994. In Department 2, employees are responsible for building five different grill sizes, including 6x6s, 8x8s, 9x9s, 10x10s, 12x12s. Department 2 employees additionally work on grills from various departments when all of the work in Department 2 has been completed.

7. In an attempt to run a smooth manufacturing process at Reliable, Reliable moves its employees to work in nearly all areas of the company to ensure on-time product delivery. Thus, I have had at least some experience working in nearly every area of Reliable throughout my thirty-two years of employment.

8. Prior to the vacancy of the Assistant Supervisors position becoming available in 2004, Department 4 merged into Department 5.

9. Department 5/4, was responsible for building commercial grills for ventilation. Based on my twenty-years of experience in Department 4, I am very familiar with all of the processes involved in the grills that are produced in Department 4 which is now contained in Department 5.

10. I am currently responsible for some of the welding for the grills that are produced in Department 5/4.

11. Reliable has historically trained employees for their positions through on-the-job training. I do not feel that I have been provided with the same on-the-job training opportunities as other Caucasian employees. I feel that this inconsistent treatment has been done on the basis of my race and that these are discriminatory acts.

12. I feel that I have been discriminated against on the basis of my race and age based on the failure to promote me to Assistant Supervisor.

13. I have been passed over on at least three different occasions for positions I was qualified for. Specifically, I was passed over for the Assistant Supervisor position which was awarded to Kenny Taylor

2

in 1998, the Supervisor position awarded to Kenny Taylor in 2000, and the Assistant Supervisor position that was awarded to Stan Henderson in 2004.

14. Reliable does not have a specific requirement that employees serve as an assistant supervisor prior to becoming a supervisor.

15. I was paid less than similarly situated white employee Steve Paulk. Specifically, I was paid $14.61 per hour, where he was paid $14.73. At the time I discovered the difference in pay between me and Steve Paulk, I had been told that my rate of $14.61 was the top pay I could receive for that particular position.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 5 day of 17, 2006.

*Frank D. Lett*
Frank D. Lett

3