3

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA  04 MAY 28 AM 8:10
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TIMOTHY MCMILLAN, | } |
| Plaintiff, | } |
| v. | } Case No.: CV 01-P-2497-S |
| TELETECH CUSTOMER CARE MANAGEMENT, INC., | } ENTERED |
| Defendant. | } MAY 2 8 2004 |

### MEMORANDUM OPINION

This case is before the court on Defendant's Motion for Summary Judgment (Doc. #32). The court held oral argument on this motion on May 19, 2004, and, having considered the briefs and evidentiary submissions, finds that the Defendant's motion is due to be granted in part and denied in part.

Plaintiff Timothy McMillan ("Plaintiff") filed this lawsuit against TeleTech Customer Care Management, Inc. ("TeleTech") on October 3, 2001, alleging that TeleTech discriminated against him on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and discharged him in retaliation for utilizing benefits under the Family Medical Leave Act ("FMLA").[1] TeleTech denies any liability with respect to these claims and argues that it is

---

[1] Although Plaintiff's summary judgment opposition brief also asserts that he was terminated in violation of the Americans with Disabilities Act "because of the known disability of an individual with whom [he] is known to have a relationship or association," 42 U.S.C. § 12112(b)(4), Plaintiff conceded at oral argument that this claim was not properly pled in the complaint. Regardless, even if this claim had been properly asserted, summary judgment would be appropriate because Plaintiff has not produced sufficient *prima facie* case evidence that (1) his daughter has a disability as defined by the ADA, (2) Plaintiff's supervisor had knowledge of his daughter's alleged condition, and (3) a reasonable inference can be made that Plaintiff's daughter's alleged condition was a determining factor in Plaintiff's termination. *Wascura v. City of South Wascura*, 257 F.3d 1238, 1242 (11th Cir. 2001).



entitled to judgment as a matter of law as to all of the Plaintiff's claims. Additionally, TeleTech maintains that Plaintiff's claims are barred by the doctrine of judicial estoppel.

I.   **Summary Judgment Standard**

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R .Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A plaintiff in an employment discrimination case maintains the ultimate burden of proving that the adverse employment decision was made because of intentional discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742, 2747-48 (1993); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir. 1984). Although the Supreme Court previously established the basic allocation of burdens and order of proof in a disparate treatment case, *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973); *Texas Dept. of Community Affairs v. Burdine*, 101 S. Ct. 1089 (1981), as modified by *Desert Palace v. Costa*, 123 S. Ct. 2148 (2003), that allocation scheme applies only in cases where there is no direct evidence of discrimination, *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 595 (11th Cir. 1987).

Under the *McDonnell Douglas/Burdine* scheme, a plaintiff first has the burden of proving by a preponderance of evidence a *prima facie* case of discrimination. Second, once the plaintiff proves a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate,

2

nondiscriminatory reason for its employment decision. Finally, if the defendant carries its burden, the plaintiff must *either* prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are merely a pretext for discrimination *or* present sufficient evidence, of any type, for a reasonable jury to conclude that discrimination was a "motivating factor" for the employment action, even though defendant's legitimate reason may also be true or have played some role in the decision. *McDonnell Douglas*, 93 S. Ct. at 1824-25; *Burdine*, 101 S. Ct. at 1093-94; *Desert Palace*, 123 S. Ct. at 2154-55.

II.   **Plaintiff's FMLA Claim**

To establish a *prima facie* case of retaliatory discharge under the FMLA, Plaintiff must show that (1) he engaged in statutorily protected conduct; (2) he suffered adverse action subsequent to such activity; and (3) there was a causal link between the protected conduct and the adverse action. *See Smith v. Bellsouth Telecommunications, Inc.*, 273 F.3d 1303, 1313 (11th Cir. 2001). Plaintiff has demonstrated that there are genuine issues of material fact that preclude summary judgment on his FMLA claim. For example, Plaintiff has presented sufficient evidence that creates a question of fact as to who made the decision to terminate Plaintiff, whether the Plaintiff's supervisor knew that Plaintiff had requested FMLA leave, and whether Plaintiff was permitted to combine his breaks and lunch period prior to requesting FMLA leave but disciplined for doing so after his FMLA request.

Additionally, Plaintiff has presented evidence that, after his hearing with the State Unemployment Agency, Angela Bailey, TeleTech's Human Resources Generalist and the person who signed Plaintiff's termination notice, told Plaintiff that TeleTech did not like it when employees filed for FMLA leave. Plaintiff argues that Ms. Bailey's comment constitutes direct evidence of retaliation. Defendant maintains that this comment does not rise to the level to be considered "direct

3

evidence" because it is nothing more than a generalized statement of TeleTech's purported attitude toward employees. The court need not determine whether Ms. Bailey's purported comment constitutes direct evidence because, viewing this evidence in the light most favorable to the Plaintiff (the nonmovant), the court finds that a reasonable jury could infer from Ms. Bailey's comment "that the reasons given by the employer were not the real reasons for the adverse employment decision," *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997), and/or that discrimination was a "motivating factor" for the employment action, even though TeleTech's legitimate reason may also be true or have played some role in the decision. *Desert Palace*, 123 S. Ct. at 2154-55. Therefore, the court finds that summary judgment is due to be denied on this claim.

III.   Plaintiff's Title VII Claim

In order for Plaintiff to demonstrate a *prima facie* case of gender discrimination, Plaintiff must show that (1) he is a member of a protected group; (2) an adverse employment action took place; (3) he and a similarly situated, non-protected person received dissimilar treatment; and (4) sufficient evidence, either circumstantial or direct, exists to infer a nexus or causal connection between the protected category and the disparate treatment. *See Pugh v. Heinrich*, 696 F. Supp. 533, 540 (M.D. Fla. 1988), *aff'd* 933 F.2d 1020 (11th Cir. 1991).

When all factual disputes and justifiable inferences are resolved in favor of the Plaintiff, the court finds that Plaintiff also has adduced sufficient evidence on his Title VII claim to create questions of fact for the jury, including (in addition to many of the factual questions outlined in Section II *supra*) whether or not Plaintiff was allowed to take his "lunch" break earlier in the day provided that someone covered for him while he was out, what number of "absence and tardy points" Plaintiff had accumulated at the time of his termination, whom Plaintiff was required to notify when

4

he left the premises, and what the circumstances were surrounding the alleged female comparator (Defendant disputes that she even exists). Accordingly, the court finds that summary judgment is due to be denied on this claim as well.

IV.  Judicial Estoppel

Relying on *Burnes v. Pemco Aeroplex*, 291 F.3d 1282 (11th Cir. 2002) and its progeny, TeleTech also claims that Plaintiff cannot recover monetary damages because of his undisputed failure initially to disclose the instant lawsuit during his Chapter 13 bankruptcy proceeding. Plaintiff filed this lawsuit on October 4, 2001, and thereafter on October 25, 2001, Plaintiff filed a Chapter 13 bankruptcy petition. Plaintiff did not list this lawsuit in either the Statement of Financial Affairs or Schedule B attached to his original petition. On April 2, 2003, Plaintiff amended his bankruptcy petition to include this lawsuit.[2]

"In the Eleventh Circuit, courts consider two factors in the application of judicial estoppel to a particular case. First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285 (citations omitted). The purpose of judicial estoppel is to "protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self-interest." *See Burnes*, 291 F.3d at 1285 (internal quotations omitted). "[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." *Burnes*, 291 F.3d at 1285.

---

[2] Plaintiff and Defendant disagree about whether or not Plaintiff had begun the process of amending his petition to include this lawsuit when Plaintiff was confronted about the omission at his March 19, 2003 deposition. This dispute is of no moment given that the catalyst for Plaintiff's petition amendment is not material to the court's analysis of judicial estoppel. *See Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003).

5

The court focuses its analysis on the second element of judicial estoppel – whether the Plaintiff's actions were "calculated to make a mockery of the judicial system."[3] The Eleventh Circuit has clarified that "deliberate or intentional manipulation can be inferred from the record." *Burnes*, 291 F.3d at 1287. An omission is inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* at 1287 (internal citation omitted).

The court finds that the undisputed evidence does not support a finding of deliberate or intentional manipulation in this case. First, the Plaintiff originally proposed to the bankruptcy court 100% payment of his debts. Second, in a Chapter 13 proceeding, "the creditors' recovery is drawn from the debtor's earnings, not from the assets of the bankruptcy estate; it is only the Chapter 13 debtor who stands to gain or lose from efforts to pursue a cause of action that is an asset of the bankruptcy estate." *Olick v. Parker & Parsley Petroleum Company*, 145 F.3d 513, 516 (2d Cir. 1998).[4] As a result, the source of the creditors' recovery is Plaintiff's *income* – not assets such as his home, his car, and this lawsuit.[5] Therefore, because the payment plan did not provide for recovery from assets such as this lawsuit, Plaintiff necessarily lacked motive to conceal this lawsuit

---

[3] There is no dispute that the first element of the test is satisfied because Plaintiff made inconsistent statements under oath.

[4] As explained in the legislative history of Chapter 13, "[t]he benefit to the debtor of developing a plan of repayment under chapter 13, rather than opting for liquidation under chapter 7, is that it permits the debtor to protect his assets. In a liquidation case, the debtor must surrender his nonexempt assets for liquidation and sale by the trustee. Under chapter 13, the debtor may retain his property by agreeing to repay his creditors." H.R.Rep. 595, 95th Cong., 1st Sess, 118 (1977), U.S.C.C.A.N 1978, p. 6079.

[5] Although Plaintiff later petitioned the bankruptcy court for a reduction to less than 100% payment, that petition came *after* Plaintiff amended his bankruptcy schedules to include this lawsuit and therefore does not demonstrate motive to conceal.

6

to prevent creditors from recovering any of its proceeds. Finally, unlike the *Burnes* plaintiff/debtor, the Plaintiff in this case *has amended* his bankruptcy petition to include this lawsuit and his Chapter 13 plan has not been converted to a Chapter 7 liquidation. *See Burnes*, 291 F.3d at 1284. Accordingly, Plaintiff has no ongoing motive to receive a favorable conversion from Chapter 13 to Chapter 7 without this lawsuit listed as an recoverable asset.

Based on the undisputed facts in this case, the court cannot conclude that Plaintiff possessed the requisite intent to "make a mockery of the judicial system." Accordingly, the court finds that judicial estoppel does not bar the Plaintiff's claims in this action.

V. Conclusion

In viewing the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party, this court finds that reasonable minds could differ on the inferences arising from the facts of Plaintiff's FMLA and Title VII claims and that the application of judicial estoppel is not appropriate given the facts of this case.[6] Therefore, having considered the briefs and evidentiary submissions on Defendant's motion for summary judgment (Doc. # 32), the motion is hereby **DENIED IN PART** and **GRANTED IN PART**.

DONE this 27th day of May, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[6] The court finds that summary judgment is due to be denied on these two claims, perhaps in substantial part because of what is *not* in the Rule 56 file. The court has not foreclosed the possibility that judgment as a matter of law still may be appropriate after the presentation of evidence at trial.

7