5

# Tomkins

Kimberly A. Kmentt
Counsel
303.744.5706 Tel.
303.744.4653 Fax
kkmentt@gates.com

Tomkins Industries, Inc.
Mail Code 10-A5
1551 Wewatta Street
Denver, CO 80202

December 23, 2004

**VIA FEDERAL EXPRESS**

Donald P. Burris, Deputy Director
Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham AL 35205

RE: Frank D. Lett v. Ruskin Company, Reliable Division
EEOC No. 130-2005-00532

Dear Mr. Burris:

I am counsel for Tomkins Industries, Inc. The Ruskin Company is a wholly-owned subsidiary of Tomkins. The respondent's proper name is Ruskin Company, Reliable Division ("Reliable"). Reliable denies that it discriminated against Mr. Lett. Mr. Lett claims that he was not selected for a new supervisor position due to his age and race. The charge lacks merit and must be dismissed for several reasons:

- The new supervisor position is in the architectural side of the business. Only employees in the architectural side of the business were considered for this supervisor position. The successful candidate had about eight (8) years experience there, including seven (7) years as a lead person (assistant supervisor). In contrast, Mr. Lett has only worked in the HVAC side of the business. The other employee is a better qualified candidate. Reliable had a legitimate non-discriminatory reason for selecting the successful candidate.

- No other employees, including employees of various races and ages on the HVAC side of the business or from any other departments, were considered for this supervisor position Thus, Mr. Lett was treated the same as others not in his protected classes.

- The two decision-makers are older than Mr. Lett. They currently are ages 60 and 54. Mr. Lett's age discrimination claim is not plausible.

Donald P. Burris, Deputy Director
Equal Employment Opportunity Commission
December 23, 2004
Page 2

---

Reliable's Business

Reliable makes air handling equipment at its plant in Geneva, Alabama. The business has two components, an HVAC component that makes light commercial and residential products, such as ceiling diffusers, and the architectural component that makes louvers and houses a sheet metal shop.

The HVAC side of the business, where Mr. Lett has always worked produces standard items. Employees here build only one 12 by 12 ceiling diffuser, containing a standard core which may house blades moving in one, two, three, or four directions. Workers here operate one small press about the size of a computer. This side of the business is known as HVAC, and coded as 200 or 400, or 269 or 271 on employee status change forms. As is evident from Exhibits A-1 though A-21, Mr. Lett has always worked on this side of the business and been a lead person (assistant supervisor) for about ten (10) years. Exhibit A-11. Lead persons make sure that the work flows: they assure that the product is produced, and there is sufficient material and personnel to produce the product. They keep attendance. They also do the work themselves.

The architectural side of the business is more complex as it does not produce standard items. It builds made-to-order (as opposed to standard) louvers that are installed in wall air conditioning units, like those found in motels. This department builds both mechanical and fixed blade louvers of all different shapes. They are made to order. The work involves detailed blueprint reading and a computer program for design drawings. The manufacturing process is more involved and technical in this part of the business. The large mechanical presses are located here. The more highly skilled workers work here. Of the skilled workers at the company, those in this department are in the highest classification and earn more than other less skilled workers. The workers must make detailed and technical adjustments to the presses; if not done perfectly expensive tooling may be destroyed. This side of the business is known as architectural and coded as 600 or 700, or 278 or 279 on employee status change forms. The successful candidate has always worked on this side of the business and been a lead person (assistant supervisor) for about seven (7) years. Exhibits B-1 though B-16. See Exhibit B-15 for date of promotion to lead person.

New Supervisor Position

In fall of 2004, Reliable decided to create a new supervisor position in the architectural side of the business. Reliable chose the successful candidate from the architectural side of the business, because it deemed his experience and skills to be the best match for the position. Reliable had a legitimate non-discriminatory reason for selecting the successful candidate.

Other Evidence Establishes that No Discrimination Occurred

- Not a single employee in the HVAC side of the business, or from any other departments such as painting and shipping, was even considered for this supervisor position. Thus,

Donald P. Burris, Deputy Director
Equal Employment Opportunity Commission
December 23, 2004
Page 3

---

    Mr. Lett was treated the same as all other employees of various ages and races who did not work in the architectural side of the business and therefore, were not even considered this supervisor position.

- The decision-makers were Clyde Cook, Plant Manager and Roger Peak, currently ages 61 and 54. Well-established case law holds that when the decision-makers are in the same protected class as the complainant, it is not likely that they would discriminate against a member of the same protected class. See Rooks v. Girl Scouts, 1996 U.S. App. Lexis 20389 (7th Cir. 1996), finding that there is no compelling evidence of age discrimination when the decision-maker is in the same protected class as the plaintiff. Thus, Mr. Lett's allegation of age discrimination is not plausible.

Conclusion

Thank you for the opportunity to present the position of Reliable. Absolutely no discrimination occurred. The charge lacks merit and must be dismissed.

Very truly yours,

TOMKINS INDUSTRIES, INC.

Kimberly A. Kmentt
Counsel

KAK:lrd