**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FRANK LETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 1:05CV479-A** |
| | ) | |
| **RELIABLE RUSKIN, D/B/A** | ) | |
| **RELIABLE PRODUCTS** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Ruskin Company, Reliable Division ("Reliable" or "Defendant") and

responds to Plaintiff's response in opposition (Doc. # 24 and 25) to Reliable's Motion for Summary

Judgment.  Plaintiff's own response most emphatically demonstrates why this lawsuit should be

dismissed.

**I.      This Is Precisely the Scenario to Which Judicial Estoppel Was Intended to Apply.**

It is undisputed that Plaintiff took an inconsistent position under oath in his bankruptcy

proceeding.  He advances two principal arguments as to why his inconsistency was not intended to

"make a mockery of the judicial system" - simple inadvertence and his assertion that he had no

motive to conceal assets.[1]  Both arguments are contradicted by the undisputed facts.

---

[1]      Plaintiff's remaining argument - that Reliable waived its right to assert judicial
estoppel because it failed to assert the defense in its Answer - needs little response.  Reliable
could not affirmatively plead what it had no reason to know.   It is undisputed that Reliable did
not learn of the bankruptcy until Plaintiff's deposition on March 28, 2006.  The very next day,
after it had investigated the bankruptcy issue, Reliable served Plaintiff with Requests for
Admissions directly addressing the judicial estoppel issue.  On the same day, Plaintiff amended

Plaintiff's argument that his non-disclosure was "inadvertent" is almost entirely hypothetical, based upon no evidence in the record at all. For good reason - the simple fact is that he only amended his filing <u>after</u> Reliable inquired into the bankruptcy issue at his deposition and <u>after</u> Reliable requested him to admit that he had omitted this legal claim from this bankruptcy disclosure. The sequence of events alone is compelling: Plaintiff amended his bankruptcy petition one day after he was forced to disclose his pending bankruptcy. His omission could not have been inadvertent, and the records of the Bankruptcy Court contradict his disclaimer of a motive to conceal as well. Plaintiff's original Chapter 13 plan called for him to pay, at most, 4% of his debt to unsecured creditors (Exhibit 1, Trustee's Summary of Confined Plan, attached).[2] **Plaintiff argues that he has agreed to pay his unsecured creditors at the rate of 100%, which is true enough, but only because he got caught concealing this claim from the Bankruptcy Court. Only after Plaintiff amended his petition and disclosed this lawsuit did the Trustee move to modify his Chapter 13 plan to increase his unsecured creditor payments from 4% to 100%**. Plaintiff's reliance on Judge Proctor's unpublished opinion in <u>McMillan v. Teletech Customer Care Management, Inc.</u>, Case No. CV 01-P-2497-S (N.D. Ala., May 28, 2004) is fundamentally misplaced. In <u>McMillan</u> the court found the debtor had no motive to conceal his discrimination lawsuit because that debtor had <u>originally proposed to pay 100% of his debts to the bankruptcy court</u>. This case presents the

---

his bankruptcy filing to include his EEOC charge. Having himself concealed key facts, he can hardly plead unfair prejudice now.

[2]     Exhibit 1 attached to this Reply Brief is Doc. # 16 on the PACER docket report for Plaintiff's bankruptcy. <u>See</u> Exhibit 11 to Defendant's Motion for Summary Judgment. The Court can take judicial notice of filings filed with a bankruptcy court. From a review of this document, it is clear that Plaintiff prior to amending his bankruptcy papers, was paying back less than 4% of his debt to his unsecured creditors.

opposite scenario; Plaintiff proposed to pay his unsecured creditors only a tiny portion of the debts they were owed, based upon a material misrepresentation of his total assets. Far from supporting Lett's argument, Judge Proctor's holding actually refutes it.

Plaintiff's citation of EEOC v. Apria Healthcare Group, Inc., 222 F.R.D. 608 (E.D. Mo. 2004), is equally misplaced. That court specifically rejected the Eleventh Circuit holding that a financial motive *does* exist to conceal assets under Chapter 13. Apria, 222 F.R.D. at 613. See DeLeon v. Comcar Ind., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003) (holding judicial estoppel operated to bar plaintiff from asserting employment discrimination claim concluding that a financial motive existed to secret assets under Chapter 13 as well as Chapter 7, "because the hiding of assets affects the amount to be discounted and repaid."). Federal courts in the Eighth Circuit may choose not to be bound by Eleventh Circuit precedent, but that is not an option available to this Court.

Finally, Plaintiff argues that even if the Court were to apply judicial estoppel, that would not preclude Plaintiff's claims for injunctive relief, pursuant to the Eleventh Circuit's holdings in Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1252 (11th Cir. 2002) and Barger v. City of Cartersville, Georgia, 348 F.3d 1289 (11th Cir. 2003). Plaintiff's argument is misplaced because it ignores the difference between Chapter 7 and Chapter 13 protections. The court in Killebrew v. CSX Transportation, Inc., 2005 WL 1705636, *3 (M.D. Ala., July 19, 2005) specifically addressed the effect of judicial estoppel on a claim for injunctive relief and distinguished the holdings in Burnes and Barger, two cases which involved debtors filing Chapter 7 bankruptcy, with a debtor who had filed bankruptcy under Chapter 13. For purposes of Chapter 13 bankruptcy filings, the court held that the plaintiff

was judicially estopped from seeking injunctive relief in addition to monetary relief.[3] Id. Because

this Plaintiff's bankruptcy is brought under Chapter 13, he is judicially estopped from seeking either

monetary or injunctive relief, and these claims should be dismissed in their entirety.

> Reliable reiterates the Eleventh Circuit's common sense standard in cases like this one:

> Allowing [Plaintiff] to back up, reopen the bankruptcy case and amend his
> bankruptcy filings, only after his omission has been challenged by an adversary,
> suggests that a debtor should consider disclosing potential assets only if he is caught
> concealing them.

Burnes, supra., 291 F.3d at 1288. Plaintiff has failed to offer any valid reason why judicial estoppel

should not be applied in this case. Summary judgment is appropriate.

**II.    Plaintiff Has Not Raised a Triable Issue of Fact, Nor Can He.**

Plaintiff's argument is entirely circular: he contends that Reliable has failed to *articulate* a

legitimate non-discriminatory reason for promoting Henderson because its decision-maker was

*inarticulate* at his deposition. This cannot change the record evidence, however - Reliable promoted

---

[3]        In Killebrew, the court explained why neither monetary nor injunctive relief
should be available where a debtor has filed for bankruptcy under Chapter 13: "In a Chapter 13
bankruptcy case, all of debtor's projected disposable income is applied to make payments under
the debtor's Chapter 13 payment plan. [citations omitted]. Further, future earnings of the debtor
are specifically included in the definition of 'property of the estate.'[citations omitted]   Although
the court is unsure of Plaintiff's current employment and what effect being reinstated would have
on his future earnings, it is certain that employment is a fundamental aspect of a Chapter 13 case
since post-petition earnings constitute the principal means of funding the Chapter 13 payment
plan. [citations omitted]  Because being reinstated with Defendant could potentially add value to
the estate and could be of interest to plaintiff's creditors and trustee, the undersigned finds that
judicial estoppel is appropriate against Plaintiff's [injunctive relief] claim." Killebrew, at *2.

Stan Henderson because Kenneth Taylor believed Henderson had more relevant work experience and better written communication skills.[4]

In order to defeat summary judgment, Plaintiff must establish pretext. "A reason is not pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason. Brooks v. County Commission of Jefferson County, Alabama, - F3d -, 2006 WL 997725, at *2 (11th Cir., April 18, 2006). Nothing in the record makes that showing. Plaintiff admits as much by claiming that he is "arguably more qualified" than Henderson. (Plaintiff's Opposition pg. 17, 19). "Arguably more qualified" fails by a wide margin to meet the legal standard of proving that "disparities in qualifications ... be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Ash v. Tyson Foods, Inc., _ U.S. _, 126 S.Ct. 1195, _ L.Ed.2d _ (2006). Plaintiff can point to no evidence of his qualifications other than the fact that he has worked for Reliable longer than Henderson and has more employees in his department.[5] Yet it is well settled that the disparity in years of service - Plaintiff's 30 years against Henderson's 17 - will not support an inference of discrimination. Cofield v. Goldkist, Inc., 26 F3d at 1264 (11th Cir. 2001). Plaintiff cannot dispute that Henderson had a broader knowledge of the production lines under Taylor's

---

[4]    The employer's burden of articulating a legitimate, non-discriminatory reason is exceedingly light, requiring only that the employer offer evidence that could lead a rational factfinder to believe the decision was not discriminatory. Keith v. MGA, Inc., 2006 WL 987154, at *4 (M.D. Ala., April 14, 2006.)

[5]    While Plaintiff submits a declaration relating to his experience and qualifications, the declaration simply rehashes what is already included in his deposition and offers little other than his own conclusory assertions. These are insufficient to raise a jury issue. Cooper v. Southern Co, 390 F.3d 695, 744 (11th Cir. 2004); Earley v. Champion Int'l. Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).

supervision since he had been a lead person in Departments 2, 4 and 5.  Plaintiff cannot dispute that

he had only been a lead person in Department 2 nor that his department's product line is more basic

than the products with which Henderson has extensive experience.  (Taylor, p. 98, l. 21-23; p. 129,

l. 12; Lett, p. 108-09, l. 8-2; p. 161-62, l. 20-2)   As such, Plaintiff has failed to meet his burden of

showing the disparities between his qualifications and Henderson's qualifications were so significant

that no reasonable person could have chosen Henderson over Lett.

 Plaintiff complains that Reliable used subjective criteria and failed to post the position, but

it is well-settled that subjective criteria do not establish pretext. Haley v. Potter, 2006 WL 861350,

at *4 (M.D. Ala., March 31, 2006) Denney v. City of Albany, 247 F.3d 1172, 1185-86 (11th Cir.

2001).  He fails to explain how a failure to post the position amounted to discrimination, given the

fact that he received the same opportunity as Henderson, and ignores entirely the well-settled

precedent that neither Title VII nor the ADEA require an employer to post job openings. Chapman

v. A1 Transport, 229 F.3d 1012, 1030 (11th Cir. 2000).

 Plaintiff makes much of an alleged inconsistency between Reliable's EEOC position

statement and Taylor's deposition testimony, but this is more advocacy than fact - counsel's skillful

questioning of an inarticulate witness.  It is undisputed that Taylor sought all candidates' ideas

through a written questionnaire and that he reviewed their submissions.[6]  It is axiomatic that an

EEOC response is necessarily less detailed or exhaustive than a fully-developed record.[7]  Plaintiff's

---

[6]      See Exhibit 1 to Defendant's Motion for Summary Judgment, Deposition of
Kenneth Taylor, p. 27, l. 1-9; p. 28, l. 7-23; p. 29, l. 1-23; p. 30, l. 1-23; p. 31, l. 1-23; p. 32, l. 1-
5; p. 33, l. 6-10; p. 37, l. 16-23; p. 38, l. 1-9; p. 54, l. 13-23, p. 55, l. 4-7; p. 68, l. 14-23; p. 69, l.
1-23; p. 130, l. 6-23; p. 131, l. 1-23; p. 132, l. 1-8.

[7]      Plaintiff's attack on the relevance of Reliable's initial EEOC response is itself
irrelevant - the vagueness of his charge compelled Defendant to justify two promotions rather

argument appears to be a diversionary tactic, for nowhere does he offer <u>any</u> evidence to suggest

Reliable's justification for its promotion decision is dishonest or untrue.  Plaintiff offers no hint of

discriminatory animus by Taylor, nor does he otherwise explain how race or age could have had

anything to do with Taylor's selection.  He cannot do so: his argument that he was no more than

"arguably" better qualified than Henderson amounts to an admission that he cannot meet his burden

of proof.

### III.    There is No Evidence to Refute Helms's Explanation for the Pay Differential.

It is undisputed that for a short time Steve Paulk made 12¢ more per hour than Plaintiff.  It

is also undisputed that the pay disparity between Plaintiff and Paulk was the result of an inadvertent

failure to recheck Paulk's salary percentage increase at Paulk's anniversary - an honest mistake by

George Helms which he did not learn of until Plaintiff's deposition. (Exhibit 19 to Defendant's

Motion for Summary Judgment) It is undisputed that by the time Helms learned of it the pay

disparity had corrected itself.[8] (Exhibit 19 )   Most significantly, it is undisputed that Plaintiff's pay

rate was at all times exactly what it was supposed to be - the error was paying too much to Paulk

rather than too little to Lett.  **All of these facts are undisputed because Reliable has proven them**

**by admissible evidence and Plaintiff has offered nothing to refute them**.

---

than only one.  Plaintiff first alleged that he was denied the promotion to a "supervisory" position
providing no indication as to which job he was referring.  After Reliable submitted its first
position statement, Plaintiff then alleged he was denied the promotion to "assistant supervisor"
requiring Reliable to submit a second position statement.

[8]        Plaintiff obviously knew about the pay disparity long before his deposition.
However, rather than raise a complaint with the human resources department or anyone else,
Plaintiff kept quiet and made the discrepancy part of his lawsuit, allowing the discrepancy to
continue longer than it otherwise might have had he brought the issue to Reliable's attention.

An employer who treats two employees differently because of an honest mistake does not violate the discrimination laws. <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303, 1339 (11th Cir. 2000). Plaintiff has offered <u>no evidence</u> that race or age had anything to do with the pay disparity sufficient to create an issue of disputed fact. Nor can he.

## CONCLUSION

For all the reasons outlined above, Reliable submits that this Court should grant summary judgment for Reliable and dismiss all of Plaintiff's claims with prejudice, and at his cost.


s/  Elizabeth P. Odom
One of the Counsel for Defendant

Jonathan S. Harbuck (Ala. Bar No. ASB-0906-U70J)
Elizabeth P. Odom (Ala. Bar No. ASB-8215-L64O)
THE KULLMAN FIRM
A Professional Law Corporation
600 University Park Place, Suite 340
Birmingham, Alabama  35209-6786
(205) 871-5858 (t)
(205) 871-5874 (f)

## CERTIFICATE OF SERVICE

_____I hereby certify that on May 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        C. Michael Quinn, Esq.
        Allison W. Lowell, Esq.
        WIGGINS, CHILDS, PANTAZIS & QUINN LLC
        The Kress Building
        301 19th Street North
        Birmingham, AL 35203

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

        None

                   /s/ Elizabeth P. Odom
                   Elizabeth P. Odom