IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FRANK LETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:05-CV-479-A |
| | ) |
| RELIABLE RUSKIN d/b/a | ) |
| RELIABLE PRODUCTS, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on Thursday, July 20, 2006, wherein the following proceeding were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

   Plaintiff:   Frank Lett

   For Plaintiff:   C. Michael Quinn and H. Wallace Blizzard for Plaintiff, Frank Lett

   Defendant:   Ruskin Company, Reliable Division

   For Defendant:   Jonathan S. Harbuck and Elizabeth P. Odom for Defendant, Ruskin Company, Reliable Division

   **COUNSEL APPEARING AT PRETRIAL HEARING:**

   Plaintiff:   C. Michael Quinn

   Defendant:   Jonathan S. Harbuck and Elizabeth P. Odom

2. **JURISDICTION AND VENUE:**

1

The parties agree that the Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202, 29 U.S.C. § 621 *et seq.*, 42 U.S.C. § 2000e *et seq.* This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. § 2000e *et seq.*; the Act of Congress known as the "Age Discrimination in Employment Act," ("ADEA") as amended by "the Civil Rights Act of 1991," 29 U.S.C. § 621 *et seq.* and 42 U.S.C. § 1981.

3. **PLEADINGS**:

Complaint filed by the Plaintiff on May 23, 2005; Answer and defenses filed by the Defendant on June 13, 2005. On August 29, 2005, the Court granted Defendant's Motion for Partial Dismissal and dismissed some of the claims brought by Plaintiff. (See Doc. # 15). The only claims which remain are a denial of promotion claim (assistant supervisor position) based on age and race discrimination and a pay disparity claim under §1981. There are no motions or other matters pending for the consideration of the Court except Defendant's Motion for Summary Judgment.

4. **CONTENTIONS OF THE PARTIES:**

(a) The plaintiff contends that the defendant has practiced (1) race discrimination and (2) age discrimination against the plaintiff, Frank Lett, in ways that have denied him equal employment opportunities. The plaintiff's claims of race discrimination are brought pursuant to Title VII of the Civil Rights Act of 1964, including the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e *et seq.* and the Act of Congress known as 42 U.S.C. § 1981 providing for injunctive and other relief against race discrimination. The plaintiff's age discrimination claims are brought pursuant to the Act of Congress known as the "Age Discrimination in Employment Act," as amended by "the Civil

2

Rights Act of 1991," 29 U.S.C. § 621 *et seq.* providing for injunctive and other relief against age discrimination As a result of defendants' practices, the plaintiff, Frank Lett (African-American, age 50) was denied promotion to the position of Assistant Supervisor by the defendant, Reliable Ruskin. The defendant promoted Stan Henderson (Caucasian, age 34) to the position instead of the plaintiff. The plaintiff will present as background evidence that he was denied promotion to the position of Assistant Supervisor and Supervisor which were both filled by Kenny Taylor (Caucasian, age 39) but which are now outside the statute of limitations. The defendant also discriminates against African-American employees by paying them less than similarly situated Caucasian employees, such as Steve Paulk (Caucasian) who holds a position substantially similar to that held by the plaintiff.

The plaintiff suffered emotional distress, humiliation, pain and suffering because of the defendants' actions. He seeks back pay, front pay or promotion, liquidated damages, compensatory and punitive damages, and attorneys' fees and costs.

(b) The defendant denies that is has discriminated against plaintiff on the basis of race or age or otherwise denied him equal employment opportunities. First, plaintiff is precluded from litigating his claims in this Court under the doctrine of judicial estoppel. Plaintiff's claims must be dismissed since plaintiff failed to disclose his claims to the bankruptcy court when he filed for Chapter 13 protection at the same time he had a charge of discrimination pending before the EEOC.

Second, although plaintiff alleges that defendant, his current employer, discriminated against him on the basis of race and/or age when it failed to promote him to the position of assistant supervisor, instead choosing Stan Henderson, defendant will present evidence to show that it promoted Henderson because it believed Henderson was better qualified and better suited for the position. Plaintiff admits that Henderson was just as well qualified for the position of assistant

supervisor as himself.

Defendant denies that the promotion of Kenny Taylor to the position of assistant supervisor and later to the position of supervisor is relevant or admissible to prove any issue in this action, as was previously held by this Court in its Order of partial dismissal. (See Doc. # 15) Defendant intends to file a motion in limine on this issue.

The defendant also denies that it discriminated against plaintiff by paying him less than a similarly situated Caucasian employee named Steve Paulk. The short term pay discrepancy was the result of a clerical error and disappeared soon after it began; it did not violate § 1981.

The defendant denies that plaintiff is entitled to any judicial relief or that any action taken by the defendant has caused the plaintiff to suffer any damages.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES:</u>

   a.   The Defendant makes air handling equipment at its plant in Geneva, Alabama and its business has two components, an HVAC side and an architectural side.

   b.   The Plaintiff is an African-American male who is 51 years old and is currently employed by Defendant as the lead person over Department 2.

   c.   Stan Henderson is the assistant supervisor over Department 2 and 5 was selected for this position on or about October 4, 2004.

   d.   Henderson is a Caucasian male who is 34 years old.

   e.   Kenneth Taylor is the supervisor over Departments 2 and 5.

6.   The Plaintiff shall file a trial brief with the court **on or before** _8/14/06_. The Defendant shall file a trial brief with the court **on or before** _8/21/06_.

4

7. A trial docket will be mailed to counsel approximately one month prior to a trial term. **If a jury trial:** the parties shall file any requested voir dire questions, motion in limine, fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before two weeks prior to the date shown on the docket for jury selection, unless said time is shortened by the court on a motion of either party.

8. Each party shall have available at the time of trial, for use by the court, two copies of the list of the party's exhibits and two extra of each photostatically reproducible exhibit.

9. It is ORDERED by this Court that all of the above-named allowances and agreements be, and the same are hereby, binding upon all parties in the above-style cause unless this ORDER be hereafter modified by Order of the Court.

DONE this 21st day of July, 2006.

W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE